**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 11-5016**

—————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

MARIO ALBERTO AGUILAR,

        Defendant - Appellant.

—————

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, Senior District Judge. (7:10-cr-00140-F-1)

—————

Submitted: November 28, 2012     Decided: December 20, 2012

—————

Before MOTZ, SHEDD, and KEENAN, Circuit Judges.

—————

Affirmed by unpublished per curiam opinion.

—————

Francis A. Pommett, III, NATHANSON & POMMETT, Baltimore, Maryland, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

—————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mario Alberto Aguilar pleaded guilty to one count of illegally reentering the United States after having been removed as an aggravated felon, in violation of 8 U.S.C. § 1326(a), (b)(2) (2006). The district court calculated Aguilar's Guidelines range under the U.S. Sentencing Guidelines Manual (2010) at thirty-seven to forty-six months' imprisonment and sentenced Aguilar to forty-six months' imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), which concedes that Aguilar's guilty plea was knowing and voluntary and that his sentence was reasonable, and concludes that there are no meritorious issues for appeal. Aguilar was advised of his right to file a pro se supplemental brief, but has not done so. The Government declined to file a brief. We affirm.

Because Aguilar did not move in the district court to withdraw his guilty plea, we review the Rule 11 hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). To prevail under this standard, Aguilar must establish that an error occurred, was plain, and affected his substantial rights. United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009). Our review of the record establishes that the district court substantially complied with Rule 11's

2

requirements, ensuring that Aguilar's plea was knowing and voluntary.

We review Aguilar's sentence under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. Id.; United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). After determining whether the district court correctly calculated the advisory Guidelines range, we must decide whether the court considered the § 3553(a) factors, analyzed the arguments presented by the parties, and sufficiently explained the selected sentence. Lynn, 592 F.3d at 575-76; United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009).

Once we have determined that the sentence is free of procedural error, we consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Gall, 552 U.S. at 51; Lynn, 592 F.3d at 575. If the sentence is within the appropriate Guidelines range, we apply a presumption on appeal that the sentence is reasonable. United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010). Such a presumption is rebutted only if the defendant demonstrates "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda,

3

445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

In this case, the district court correctly calculated and considered the advisory Guidelines range, and heard argument from counsel and allocution from Aguilar. The court considered the § 3553(a) factors and explained that the within-Guidelines sentence was warranted in light of the nature and circumstances of Aguilar's offense, and the need for the sentence to reflect the seriousness of the offense and to protect the public from further crimes by Aguilar. Further, neither counsel nor Aguilar offers any grounds to rebut the presumption on appeal that the within-Guidelines sentence of forty-six months' imprisonment is substantively reasonable. Accordingly, we conclude that the district court did not abuse its discretion in sentencing Aguilar.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This Court requires that counsel inform Aguilar, in writing, of the right to petition the Supreme Court of the United States for further review. If Aguilar requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from

4

representation.  Counsel's motion must state that a copy thereof was served on Aguilar.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

AFFIRMED